UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STANLEY CICHOWSKI and
KEVIN CICHOWHSKI,

        Plaintiffs,

v.                                Case No. 3:25-cv-302-TJC-LLL

JUDGE MELISSA DISTLER,

        Defendant.

## **O R D E R**

Plaintiffs, proceeding without counsel, filed this lawsuit on March 20, 2025, alleging that plaintiff Stanley Cichowski's due process rights were violated when, in issuing a summary judgment order in favor of Cichowski's opponent in a Flagler County Court suit (Discover Bank v. Stanley Cichowski, No. 2021 SC 000904), defendant Judge Melissa Distler reported that Cichowski was absent from a hearing at which he was present. The complaint further alleges that Judge Distler retaliated against plaintiff Kevin Cichowski, but offers no explanation as to how. Plaintiffs attached to their complaint papers they filed on March 18, 2025 with Florida's Fifth District Court of Appeals in which Stanley Cichowski appeals Judge Distler's ruling, arguing, in essence, that she denied him due process by erroneously stating in her order that he was not present at the hearing. See Complaint, Doc. 1, and attachments.

Judge Distler now moves to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 13). With a reminder from the Court that their response was overdue,[1] the Cichowskis have responded (Doc. 16).[2] As pro se parties, the Court construes the Cichowskis' papers liberally and applies "less stringent standards" than those applied to pleadings drafted by lawyers. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Stanley Cichowski's claim against Judge Distler is due to be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the Younger[3] abstention doctrine. The due process claim raised in his complaint, as supported by the exhibits attached thereto, reveal that the claim he is raising here is the same issue he is currently appealing. His efforts to expand the claim through his response to her motion to dismiss are without merit. Nor would the Court permit an amendment to his complaint on this basis. He is currently appealing Judge Distler's ruling and any claims he has as to why it

---

[1] The Cichowskis are no strangers to the Middle District of Florida. By now, they should know the Local Rules which, pro se or not, all parties are required to follow.

[2] After this order was prepared but before it was filed, Judge Distler moved for leave to file a reply (Doc. 17) to which the Cichowskis responded in opposition (Doc. 18). The Court has no need for further briefing so her motion is moot.

[3] Younger v. Harris, 401 U.S. 37 (1971).

should be reversed must be raised there. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982) (explaining that the Younger abstention doctrine applies in civil cases where the matter involves an ongoing state proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges).[4]

As to Kevin Cichowski, the complaint's only reference to him is a single statement that, after denying Stanley Cichowski's due process rights, Judge Distler "took retaliation on Kevin Cichowski." Doc. 1 at § III. Kevin Cichowski was not a party to the county court Discover Bank suit and there is nothing at all to explain his presence in this lawsuit; the complaint therefore fails to state a claim as to Kevin Cichowski.

In their response to the motion to dismiss, the Cichowskis bring up another, separate state court suit over which Judge Distler allegedly presided, State v. Kevin Cichowski, a criminal domestic battery case, in which the Cichowskis claim Judge Distler set an extremely high bond. See Doc. 16. But

---

[4] Even if not subject to being dismissed for lack of subject matter jurisdiction under the Younger abstention doctrine, to the extent Stanley Cichowski seeks monetary damages, the Court would find his claim barred by judicial immunity. See Mireles v. Waco, 502 U.S. 9, 10 (1991). (The Cichowskis' complaint does not state what relief is sought but alleges the amount in controversy is "court costs only at this time." See Doc. 1.) The Court has no occasion to address the merits of the other grounds upon which Judge Distler moves to dismiss.

even if the Cichowskis were to amend their suit to somehow explain an alleged connection between Judge Distler's actions in the criminal case against Kevin Cichowski and the Discovery Bank suit,[5] Judge Distler would have judicial immunity. Moreover, to the extent they sought to undo the criminal case bond decision, that would surely be barred by the Younger abstention doctrine, if still ongoing,[6] or another doctrine of comity, preclusion, abstention, or the like. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-293 (2005) (discussing various doctrines that preclude federal courts from undoing state court decisions on the same matter). At any rate, the Cichowskis did not seek leave to amend their complaint (although their original complaint states that they retain their right to do so); in these circumstances, allowing amendment

---

[5] The Cichowskis' response to Judge Distler's motion to dismiss states there is a connection between the criminal case and another case brought by Stanley Cichowski against Judge Andrea Totten (presumably referencing Cichowski v. Totten, 3:23-cv-1181-TJC-MCR, a case he brought in this court, which was dismissed and affirmed on appeal). Nothing explains Judge Distler's connection to that case either but it matters not—this Court still could not hear such a claim either because Judge Distler would be protected by judicial immunity and/or under a doctrine of comity, abstention or preclusion.

[6] The Flagler County Clerk of Court website shows an open criminal felony domestic battery strangulation, misdemeanor domestic battery and felony false imprisonment case against Kevin Cichowski, but the docket shows a different judge is assigned to that case, not Judge Distler. The docket shows a September 10, 2024 arrest, which is consistent with what the Cichowskis say in their papers. See 2024 CF 000905, State of Florida v. Kevin J. Cichowski, found at:

https://cases.flaglerclerk.com/CourtCase.aspx/Details/963779?digest+7CS4BLANNUfjkdM8pJV32g.

4

would be futile.  See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 13) is **GRANTED**.  Plaintiff Stanley Cichowski's claim against Judge Melissa Distler is dismissed without prejudice for lack of subject matter jurisdiction.  Defendant Kevin Cichowski's claim against Judge Melissa Distler is dismissed for failure to state a claim, but without leave to amend as doing so would be futile (which the Court recognizes is tantamount to dismissal with prejudice).  The Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se parties

5